UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENDA L. LOAR,<br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of the<br>Social Security Administration,<br>    Defendant. | CAUSE NO.: 3:18-CV-775-TLS |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b) [ECF No. 21], in which Plaintiff's attorney requests attorney fees in the amount of $3,137.07 pursuant to 42 U.S.C. § 406(b). Defendant has filed a Response [ECF No. 22] indicating that he neither supports nor opposes Plaintiff's Motion. For the reasons stated below, Plaintiff's Motion is GRANTED.

**BACKGROUND**

Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying her application for disability insurance benefits. On June 12, 2019, the Court granted the Plaintiff's request, reversing and remanding for further proceedings. ECF No. 15. On September 5, 2019, the Court awarded $6,200.00 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 20.

On remand, the Social Security Administration issued a Notice of Award [ECF No. 21-1] entitling Plaintiff to past-due disability insurance benefits in the amount of $25,096.60, twenty-five percent of which is $6,274.15. *See* Notice of Award at 2, ECF No. 21-1. Plaintiff filed the instant Plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b) [ECF No. 21] on June 5, 2020, requesting that the Court award Plaintiff's counsel $3,137.07 in attorney fees. This amount is based on the retainer agreement between the Plaintiff and her

attorneys, in which the Plaintiff agreed to pay her attorneys twenty-five percent of all past-due benefits. *See* Retainer and Fee Agreement for Federal Court Representation at 1, ECF No. 21-2. However, a different attorney represented Plaintiff at her remand hearing and is requesting $3,137.07 in attorney fees for the work performed at the administrative level under 42 U.S.C. § 406(a). *See* Pl.'s Mot. ¶ 5. In addition, although counsel was previously awarded $6,200.00 in EAJA fees, $6,006.00 was taken from that award to offset a federal debt owed by Plaintiff. Thus, counsel represents that Plaintiff is entitled to a refund of $194.00 from counsel, which is the amount counsel received in EAJA fees in this case. *See* Pl.'s Mot. ¶ 6.

## ANALYSIS

Plaintiff's counsel, subject to refunding $194.00 in EAJA attorney's fees, requests $3,137.07 in attorney fees pursuant to 42 U.S.C § 406(b). "The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culberston v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Hoover*, 2019 WL 3283047, at *1 (citing 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002)). "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Id.* at *2 (citing *Gisbrecht*, 535 U.S. at 808). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 808. Likewise, "an award of EAJA fees under [28 U.S.C. § 2412] offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796).

2

In this case, the requested amount of attorney fees is consistent with the contingency agreement. *See* Retainer and Fee Agreement for Federal Court Representation at 1. Plaintiff's counsel represents that 30.6 hours of legal work were spent representing Plaintiff in federal court in this case, which results in an effective hourly rate of only $102.52. *See* Pl's Mot. ¶ 9. Such an hourly rate is more than reasonable given the contingent nature of this case. *See Kirby v. Berryhill*, No. 14-CV-5936, 2017 WL 5891059, at * 1 (N.D. Ill. Nov. 29, 2017) (awarding attorney fees with an hourly rate of $1,612.28 and citing cases supporting the court's holding); *Heise v. Colvin*, No. 14-CV-739, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) ("This results in an effective hourly rate of just over $1,100, appropriately high to reflect the risk of non-recovery in social security cases . . . ."); *see also Zenner v. Saul*, 4:16-CV-51, 2020 WL 1698856, at *2 (N.D. Ind. Apr. 8, 2020) (awarding attorney fees with an hourly rate of $1,167.28); *Koester v. Astrue*, 482 F. Supp 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for Plaintiff in over $25,000.00 in past-due benefits.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b) [ECF No. 21] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $3,137.07. The Court ORDERS Plaintiff's attorney to refund to Plaintiff the $194.00 in EAJA fees previously awarded in this case.

SO ORDERED on June 18, 2020.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT